UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EB HOLDINGS II, INC.,

        Movant,

– against –

AMERICAN INTERNATIONAL GROUP, INC.,

        Respondent.

**ORDER**

22 Misc. 70 (ER)

RAMOS, D.J.:

      EB Holdings II, Inc. initiated this miscellaneous action on March 3, 2022 to compel American International Group, Inc. ("AIG") to comply with a subpoena, or in the alternative to transfer this matter to the U.S. District Court for the District of Nevada, as the Nevada district court is currently adjudicating another similar motion to compel. Doc. 1. AIG argues that the motion is now moot, and, in the alternative, consents to transfer to the District of Nevada. Doc. 10.

      For the reasons set forth below, the Court GRANTS EB Holding's motion to transfer the motion to compel.

**I.    LEGAL STANDARD**

      Federal Rule of Civil Procedure 45 governs out-of-district subpoenas and was amended in 2013. "As amended, a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court . . . where compliance with the subpoena is required." Fed. R. Civ. P. 45(c), (d)(2)(B)(i), and (d)(3)(A). "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the

court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The advisory committee notes on the 2013 amendment state that

> the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

This Court has previously transferred similar motions due to "the posture and complexity of the underlying action," "risk of conflicting rulings," and to avoid unnecessary delay. *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19 Misc. 130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019). Other courts in this district have transferred motions where the judge in the underlying case has already been managing discovery, *Google LLC v. Fortress Inv. Grp. LLC*, No. 20 Misc. 132 (KPF), 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020), and where that judge has more knowledge of the case that would help resolve the issues, *Stanziale v. Pepper Hamilton LLP*, No. M8-85 (CSH), 2007 WL 473703, at *5 (S.D.N.Y. Feb. 9, 2007); *Iwanksi v. Milliman, Inc.*, 472 F. Supp. 3d 104, 104 (S.D.N.Y. 2020), *report and recommendation adopted*, No. 20 Misc. 224 (GBD) (SLC), 2020 WL 5665696 (S.D.N.Y. Aug. 13, 2020).

II.  **DISCUSSION**

The underlying case for which the subpoena at issue was served is an insurance coverage dispute in the District of Nevada captioned *EB Holdings II, Inc. et al v. Illinois National Insurance Company et al*, No. 20 Civ. 2248 (JCM) (NJK). The District of Nevada is currently adjudicating EB Holdings' motion to compel Illinois National to produce the same documents requested in this subpoena. Doc. 3 at 9. Therefore, there is a risk of inconsistent ruling

regarding the discoverability of the categories of documents at issue. Further, the District of Nevada has significant background knowledge of the underlying case that this Court does not possess. To avoid disrupting the issuing court's management of the underlying litigation, in the interest of judicial economy and to avoid inconsistent rulings, these exceptional circumstances outweigh any interest AIG might have in litigating this motion locally. AIG's consent to the transfer further supports this conclusion. Accordingly, the matter is transferred.

### III.   CONCLUSION

For these reasons, the Court GRANTS EB Holding's motion to transfer the motion to compel, and transfers this case to the District of Nevada. The Court respectfully directs the Clerk of Court to transfer the case, terminate the motion, Doc. 1, and close the case.

It is SO ORDERED.

Dated:   March 11, 2022
         New York, New York

                                              Edgardo Ramos, U.S.D.J.